## LIABILITY OF MUNICIPALITY FOR CHANGE OF GRADE OF STREET.

Circuit Court of Cuyahoga County.

IRVIN W. METCALF v. CITY OF ELYRIA. *

Decided, April 29, 1910.

*Grade of Street—Designation by City Engineer of Grade for Sidewalk —Entitled Abutting Owner to Damages—Where Grade of Street is Subsequently Fixed at a Substantially Different Level.*

Where a stone sidewalk has been laid by an abutting owner, pursuant to a resolution of the city council requiring that this be done, and the city engineer at that time designated a grade for the sidewalk as he was required and authorized to do both by the resolution ordering that the sidewalk be laid and also by an ordinance providing that he should determine the grades of city streets and sidewalks, the acts of the municipality amount to such a permanent fixing of the grade of the street as warrants an abutting owner in improving his property in accordance therewith and to recover damages in the event that the municipality subsequently establishes a grade for the street at a substantially different level.

*Webber & Metcalf,* for plaintiff in error.
*H. A. Pounds,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the court of common pleas.

The parties stand as they stood below. The action below was brought by the owner of property abutting upon West River street in the city of Elyria, for damages alleged to have been sustained by the plaintiff by reason of a change of grade of said street. A verdict for the city of Elyria was directed at the close of the plaintiff's evidence.

Prior to plaintiff's purchase of said premises a stone walk was laid along the street in front of his lot, pursuant to a resolution of the city council requiring the same to be done. At that time the city engineer designated the grade for the side-

* Affirmed without opinion; *City of Elyria v. Metcalf,* 84 Ohio State, 501.

walk, as required and authorized not only by the said resolution, but also by an ordinance providing that he should determine the grade of the city streets and sidewalks. The street grade had not, however, been established by any other action of the municipality until July, 1907, when a grade was fixed by the city substantially differing from and out of accord with the grade of the sidewalk as previously established. This action of the city is alleged by the plaintiff to have amounted to a change of grade of the street within the familiar rule, and he therefore seeks to recover the damages which he has admittedly sustained in consequence of such change of grade, if, in contemplation of law, it be a change.

The authorities which the city relies on and on which the court below founded its decision, are: *Neubert* v. *City of Toledo,* 9 C. C., 462; *Taber* v. *Bowling Green,* 7 C.C.(N.S.), 385.

The syllabus of the former case as reported in 9 C. C., 462, and quoted in 7 C.C.(N.S.) 387, contains the following language:

"The fact that a city has left a street for many years with its natural grade, that the public has used the street at that grade for all that time, and that the city has even had sewers laid and sidewalks constructed in such street in that condition does not preclude the city from afterwards finally adopting a different grade for such street, and a property owner has no right to assume that the city has adopted such original grade for the street."

Upon examination of these cases however, we find that the facts are not as in the case at bar such as to compel the inference that the municipality in connection with the laying of a sidewalk had intended to fix or had fixed permanently the grade of the street where such sidewalk was laid. The rule laid down in the second paragraph of the syllabus of the case of *City of Akron* v. *The Chamberlain Company,* 34 Ohio State, 328, and followed in various cases since, is as follows:

"The liability of a municipality for injury to buildings on abutting lots exists only where such buildings were erected with reference to a grade actually established, either by ordinance or

such improvement of the street as fairly indicated that the grade was permanently fixed, and the damage resulted from a change of such grade, or, where the buildings, if erected before a grade was so established, were injured by the subsequent establishment of an unreasonable grade.''

In the opinion by McIlvaine, J., at page 336, it is said:

''That the establishment of a grade whereby lot-owners are justified in assuming that no change will be made in the grade of a street, and may, therefore, improve their lots with reference to its present condition, so that the municipality will be·liable for injuries to their improvements, resulting from a subsequent change of the grade, does not necessarily require the passage of an ordinance or other legislative action; but it may be shown, by the nature of the improvement on the surface of the street, under the direction or sanction of the proper authorities, whether in accordance with an ordained grade line or not; but otherwise, if the surface improvement indicates a mere·temporary use or condition of the street.''

Not without some hesitancy we are of opinion that the ordinances before referred to and the acts of the city engineer in pursuance thereof at the time the sidewalk in question was laid, amount to such a permanent fixing of the grade of the street as entitled the abutting lot owner to improve his premises in relation to such grade, as was done in this case.

It follows that the court below erred in directing a verdict in behalf of the city, upon the ground that no liability was indicated by the facts in evidence, and the judgment of the court of common pleas is therefore reversed and the cause remanded for further proceedings.